**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | 3:17-CR-00007 |
| v. | (JUDGE CAPUTO) |
| JERROD CURTIS, | |
| Defendant. | |

## **MEMORANDUM**

Presently before the Court is a Motion to Dismiss the Indictment filed by Defendant Jerrod Curtis ("Defendant"). This motion will be denied because the Indictment cites the charging statute, alleges the necessary elements of the charged offense, and specifies a time period during which the alleged violations occurred. In the alternative, Defendant requests that the Government be ordered to file a bill of particulars. Because the Indictment and accompanying Affidavit sufficiently state the essential facts constituting the offense charged and provide the information requested by Defendant, Defendant's Motion for a Bill of Particulars will be denied.

### **I. Factual & Procedural Background[1]**

Defendant Jerrod Curtis was charged by a criminal complaint with one count of possession with intent to distribute heroin as docketed by this Court on December 27, 2016. (Doc. 1). Weeks later, on January 17, 2017, a federal grand jury returned a one-count Indictment charging Defendant with possession with intent to distribute a controlled substance in violation of 21 U.S.C. § 841(a)(1). (Doc. 18). Count One of the Indictment alleges:

---

[1] Defendant failed to include a factual or procedural background section in his brief. *See* Local Rule 7.8. Therefore, this Court will rely on the averments made in the Government's brief and charges in the Indictment.

> *From on or about February 20, 2016, to on or about April 6, 2016, in Luzerne County, Pennsylvania, the defendant, Jerrod Curtis, did knowingly and intentionally possess with intent to distribute heroin, a Schedule I controlled substance. In violation of Title 21, United States Code, Section 841(a)(1).*

(Doc. 18, at 1). Defendant was arraigned on February 7, 2017 and pled not guilty to the charged offense. (Doc. 24).

On February 21, 2017, Defendant, through counsel, filed a Motion to Dismiss the Indictment and in the alternative a Motion for a Bill of Particulars. (Doc. 31). The Government filed its Brief in Opposition on April 3, 2017. (Doc. 38). Defendant did not file a Reply Brief. Defendant's Motions are ripe for disposition.

## II. Discussion

### A. Motion to Dismiss

Defendant moves to dismiss the Indictment pursuant to Federal Rules of Criminal Procedure 7(c) and 12(b) claiming that the Indictment is deficient in that it lacks sufficient detail to "appraise the defendant of what he must be prepared to meet." (Doc. 23, at 1). The Government disagrees and argues that the Indictment sufficiently states the essential facts constituting the offense charged. (Doc. 38, at 1).

Rule 7(c)(1) provides that "[t]he indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense charged and must be signed by an attorney for the government." FED.R.CRIM.P. 7(c)(1). Rule 12(b)(3)(B) permits a defendant to seek dismissal for any "defect in the indictment" prior to trial. FED.R.CRIM.P. 12(b)(3)(B).

The United States Court of Appeals for the Third Circuit has held that an indictment is compliant with Rule 7, is facially sufficient, and is not subject to dismissal if it "(1) contains the elements of the offense intended to be charged, (2) sufficiently apprises the

defendant of what he must be prepared to meet, and (3) allows the defendant to show with accuracy to what extent he may plead a former acquittal or conviction in the event of a subsequent prosecution." *United States v. Huet*, 665 F.3d 588, 595 (3d Cir. 2012) (internal citation omitted). "Generally, an indictment will satisfy these requirements where it informs the defendant of the statute he is charged with violating, lists the elements of the violation under the statute, and specifies the time period during which the violations occurred." *Id.* (citing *United States v. Urban*, 404 F.3d 754, 771 (3d Cir. 2005)). In other words, the indictment may not be dismissed "unless it is so defective that it does not, by any reasonable construction, charge an offense . . . ." *United States v. Vitillo*, 490 F.3d 314, 324 (3d Cir. 2007) (internal citation omitted).

Here, dismissal is not warranted because the Indictment satisfies the requirements imposed by Rule 7(c) and thus is not defective. As required by the Third Circuit the indictment first sets forth the charging statute: 21 U.S.C. §841(a)(1). The Indictment then plainly alleges the elements of the charged offense. The elements of the charged offense are: (1) the Defendant possessed a controlled substance; (2) the Defendant had possessed the controlled substance knowingly or intentionally; and (3) the Defendant intended to distribute the controlled substance. *See* 21 U.S.C. §841(a)(1); *United States v. Barbosa*, 271 F.3d 438, 456-57 (3d Cir. 2001) (noting that even following *Apprendi v. New Jersey*, 530 U.S. 466 (2000), the identity and weight of the charged controlled substance is not a necessary element of a § 841(a)(1) offense); *see also Third Circuit Model Criminal Jury Instructions*, 6.21.841A (Apr. 2015). The Indictment alleges, in part, that "the defendant, Jerrod Curtis, did knowingly and intentionally possess with intent to distribute heroin, a Schedule I controlled substance." (Doc. 18, at 1). This statement, taken alone, sufficiently sets out the four elements of the charged offense. Moreover, the indictment has clearly identified the controlled substance at issue: heroin. Due to the

3

identification of the controlled substance at issue, Defendant is incorrect when he states that the Indictment "merely parrots the wording of the statute . . . [and] contains no other facts and circumstances regarding the specific conduct for which [Defendant] is charged." (Doc. 32, at 2). Finally, the indictment clearly states the time period during which the violations occurred: February 20, 2016 to April 6, 2016. In fact, Defendant has conceded this point in his brief. (Doc 32, at 2). Because the Indictment "informs the defendant of the statute he is charged with violating, lists the elements of the violation under the statute, and specifies the time period during which the violations occurred," the Indictment will be found to satisfy the requirements of Rule 7(c). *Huet*, 665 F.3d at 595.

Since the Indictment conforms with the requirements of Rule 7(c) as interpreted by the Third Circuit and Defendant has failed to show that the Indictment is otherwise "so defective that it does not, by any reasonable construction, charge an offense," his Motion to Dismiss will be denied.

## B. Motion for a Bill of Particulars

In the alternative, Defendant moves for an order directing the Government to provide him with a bill of particulars that would include lists of dates, times, places, and individuals related to his alleged criminal activity. (Doc. 32, at 2-3). According to Defendant, the Indictment contains such insufficient detail that he is unable to adequately explore his defense. (Doc. 32, at 3). Conversely, the Government contends that the Indictment and accompanying affidavit in support of the criminal complaint provide sufficiently detailed information–including the information now requested–to allow Defendant to prepare for trial without fear of surprise or prejudice. (Doc. 38, at 5).

It is well settled that "[t]he purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second

4

prosecution for an inadequately described offense." *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971). Notably, a bill of particulars is not to be used as a discovery tool. *United States v. Fischbach & Moore, Inc.*, 576 F. Supp. 1384, 1389 (W.D. Pa. 1983). Unlike discovery, a bill of particulars is not intended to provide a defendant with the fruits of the Government's investigation. *United States v. Smith*, 776 F.2d 1104, 1111 (3d Cir. 1985). "Rather, it is intended to give the defendant only the minimum amount of information necessary to permit the defendant to conduct his *own* investigation." *Id.* (internal citations omitted) (emphasis in original). Thus, it is only appropriate under Rule 7(f) of the Federal Rules of Criminal Procedure to compel the Government to produce a bill of particulars when "an indictment's failure to provide factual or legal information *significantly* impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial." *United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989) (emphasis added).

Whether to grant a motion for a bill of particulars is within the discretion of the trial court. *Addonizio*, 451 F.2d at 64. In considering whether to grant a motion for a bill of particulars, courts must consider "numerous countervailing considerations," including: unfairness to the government, *Rosa*, 891 F.2d at 1066, the sufficiency of the indictment, *Fischbach & Moore, Inc.*, 576 F. Supp. at 1389, and the extent to which the government has provided discovery, *Urban*, 404 F.3d at 772. Significantly, this means that the court's analysis is not bounded by the four corners of an indictment, and should include all information "disclosed to the defendant in the course of the prosecution." *United States v. Hayes*, 2007 WL 3085998, at *1 (M.D. Pa. Oct. 19, 2007) (citing *United States v. Kenny*, 462 F.2d 1205, 1212 (3d Cir. 1972)).

A bill of particulars is not warranted in this case because the information provided to Defendant is sufficient to inform him of the nature of the charges brought

5

against him such that he may adequately prepare for trial. Here, as Defendant properly notes, the Indictment does not provide exact dates, times, or places related to the alleged offense. Rather, it simply mirrors the statutory language of the offense, provides the defendant's name, a time period for the offense, and the controlled substance at issue. While the information in the Indictment seems to lack detail, the Indictment has been paired with a criminal complaint and accompanying affidavit: "Affidavit of DEA Task Force Officer in Support of Complaint." This Affidavit, which has been available to Defendant[2], articulates in *great* detail the dates, places, and individuals related to the alleged offense.

For example, the Affidavit provides that "on February 20, 2016 at approximately 8:14 a.m. an incoming electronic communication (SMS)" between the Defendant and another individual was intercepted by the Government. (Doc. 38, Ex. A at 8). The Affidavit continues that it was the affiant's opinion that the contents of the intercepted message established that Defendant was attempting to secure 10 grams of heroin. (Doc. 38, Ex. A at 8-9). This is just one of may examples of specific information related to the charged offense available to Defendant in the Affidavit. Further, the Affidavit not only provides the information Defendant requests in its motion–namely specific dates, times, places, and individuals involved in the alleged activity–but provides additional information related to the basis for the Government's conclusions. This additional information includes transcripts obtained from Title III wiretaps, and a summary of an interview with a Confidential Informant. (Doc. 38, Ex. A at 9-12). The level of detail provided in the Affidavit exceeds the specificity requested by Defendant, and required to prepare for trial.

---

[2] The Government contends that the Defendant has had the Affidavit since his arraignment on the criminal complaint. Defendant does not challenge this contention.

6

Since Defendant has access to the information sought in a bill of particulars and there is little concern that Defendant faces a significant impairment of his ability to prepare for trial due to his access to such information, his request for a bill of particulars will be denied.

### III. Conclusion

For the above stated reasons, Defendant's Motion to Dismiss and Motion for a Bill of Particulars will be denied.

An appropriate order follows.

| | |
|---|---|
| August 30, 2017<br>Date | /s/ A. Richard Caputo<br>A. Richard Caputo<br>United States District Judge |