IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

UNITED STATES OF AMERICA,          :
                                   :
       v.                          :
                                   :   NO: 3:17-CR-00007
JERROD CURTIS,                     :   (JUDGE MARIANI)
                                   :
       Defendant.                  :
                                   :
                                   :
                                   :

## MEMORANDUM

Presently before the Court are six pretrial motions, motion to compel disclosures

pursuant to Federal Rule of Evidence 404(b) (Doc. 74), motion to compel disclosure of

confidential informants (Doc. 76), motion to compel preservation and disclosure of notes,

reports, and evidence (Doc. 78), motion for a bill of particulars (Doc. 80), motion for early

disclosure of statements under the Jencks Act (Doc. 83), and motion to compel disclosure

pursuant to Federal Rule of Evidence 807 (Doc. 85), filed by Defendant Jerrod Curtis. For

the reasons that follow, the Court denies each of Defendant's motions.

## I. FACTUAL BACKGROUND

On December 27, 2016, Defendant was charged by a criminal complaint with one

count of possession with intent to distribute heroin as docketed by this Court. (Doc. 1).

Weeks later, on January 17, 2017, a federal grand jury returned a one-count indictment,

charging Defendant with possession with intent to distribute a controlled substance in

violation of 21 U.S.C. § 841(a)(1). (Doc. 18). Defendant was arraigned on February 7, 2017

and pled not guilty to the charged offense. (Doc. 24). On February 21, 2017, Defendant filed

a motion to dismiss the indictment and in the alternative a motion for a bill of particulars.

(Doc. 31). That motion was denied in its entirety by the late Judge A. Richard Caputo.

(Docs. 42; 43).

Defendant was then indicted in two other cases involving drug trafficking

conspiracies. (*See* Docket Nos. 17-76, 17-77). On November 7, 2020, a superseding

indictment was filed against Defendant in order to consolidate all three of the cases against

him. (Doc. 48). The superseding indictment charged Defendant with four counts:

> [Count One] From on or about February 20, 2016, to on or about April 6, 2016, in Luzerne County, Pennsylvania within the Middle District of Pennsylvania, the defendant, JERROD CURTIS, did knowingly and intentionally possess with intent to distribute heroin, a Schedule I controlled substance. In violation of Title 21, United States Code, Section 841(a)(1).

> [Count Two] From on or about February 20, 2016, to on or about April 6, 2016, within the Middle District of Pennsylvania, and elsewhere, the defendant, JERROD CURTIS, did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree together with Jeffrey Guzman and with other persons both known and unknown to the grand jury, to commit the following offense against the United States: to knowingly, intentionally, and unlawfully distribute, and possess with intent to distribute heroin, a Schedule I controlled substance, a violation of Title 21, United States Code § 841(a)(1). All in violation of Title 21, United States Code Section 846.

> [Count Three] From in or about June 2016 to on or about March 28, 2017, within the Middle District of Pennsylvania, and elsewhere, the defendant, JERROD CURTIS, did knowingly, intentionally, and unlawfully combine, conspire, confederate and agree together with Jose Ramon de Leon-Pineda, a/k/a "Monchi, and with other persons both known and unknown to the grand jury, to commit the following offenses against the United States: to knowingly, intentionally, and unlawfully distribute, and possess with intent to distribute heroin, a Schedule I controlled substance; cocaine, a Schedule II controlled substance; and cocaine base ("crack"), a Schedule II controlled substance; a violation of Title 21, United States Code, § 841(a)(1). All in violation of Title 21, United States Code Section 846.

[Count Four] On or about December 23, 2016, in Luzerne County, Pennsylvania, within the Middle District of Pennsylvania, the defendant, JERROD CURTIS, did knowingly and intentionally possess with intent to distribute heroin, a Schedule I controlled substance. In violation of Title 21, United States Code, Section 841(a)(1).

[Count Five] From in or about February 2016 to on or about January 1, 2017, within the Middle District of Pennsylvania, and elsewhere, the defendant, JERROD CURTIS, did knowingly, intentionally and unlawfully combine, conspire, confederate and agree together with Gimy Rodriguez a/k/a "Carvo," and with other persons known and unknown to the Grand Jury, to commit an offense against the United States, namely to knowingly, intentionally and unlawfully distribute, and possess with intent to distribute 100 grams and more of heroin, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B).

(Doc. 48, at 1-5) (emphasis in the original). Count five further provided a "manner and

means" section, which states:

The manner and means by which the defendants and their co-conspirators sought to accomplish the objectives of the conspiracy included, among others, the following:

1. The defendant and/or his co-conspirators would obtain controlled substances from suppliers in New York, and elsewhere;

2. After the controlled substances were obtained, the defendant and/or his co-conspirators would transport the controlled substances to Pennsylvania, from New York and elsewhere, and distribute controlled substances to individuals in return for money or other valuable consideration;

3. The defendant and/or his co-conspirators established and utilized drug storage and distribution locations in Pennsylvania;

4. The defendant and/or his co-conspirators would use telephones in order to maintain contact with his co-conspirators and customers, and to facilitate the drug trafficking business.

(*Id.* at 5-6).

Between August 21 and August 23, 2018, Defendant filed six pretrial motions (Docs. 74; 76; 78; 80; 83; 85) with supporting briefs. (Docs. 75; 77; 79; 82; 84; 86). For a period of time, the parties agreed to delay the government's response to these motions. (Docs. 88, 96; 98; 100; 102; 104; 106; 108; 110; 112; 114; 116; 120; 123). On June 4, 2020, the Court ordered the government to respond (Doc. 126). On June 10, 2020, the government filed a brief in opposition to Defendant's pretrial motions. (Doc. 129). Since the time for Defendant to file a reply has passed, Defendant's pretrial motions are ripe for review.

## II. DISCUSSION

Defendant filed six pretrial motions. **(**Docs. 74; 76; 78; 80; 83; 85). Five of Defendant's pretrial motions request additional discovery: motion to compel disclosure of confidential informants (Doc. 76), motion to compel disclosures pursuant to Federal Rule of Evidence 404(b) (Doc. 74), motion to compel disclosure pursuant to Federal Rule of Evidence 807 (Doc. 85), motion to compel preservation and disclosure of notes, reports, and evidence (Doc. 78), and motion for early disclosure of statements under the Jencks Act (Doc. 83). Defendant also moves for a bill of particulars again. (Doc. 80).

### A. Defendant's Motions for Additional Discovery

#### 1. Identity of Confidential Informants

Defendant requests the identity of all confidential informants involved in the investigation of this prosecution and/or expected to testify at trial. (*See* Docs. 76; 77). The

4

Case 3:17-cr-00007-RDM   Document 130   Filed 07/10/20   Page 5 of 18

Government opposes releasing the identities of any confidential informants used to investigate Defendant. (Doc. 129, at 6).

The Supreme Court has recognized the "Government's privilege to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." *Roviaro v. United States*, 353 U.S. 53, 59 (1957). This privilege, however, is limited to the extent that "the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause." *Id.* at 60-61. While there is no bright line rule for when disclosure is required, once a defendant provides a "specific need" for disclosure, courts must balance the public interest in protecting the flow of information against the individual's right to prepare for trial. *United States v. Jiles*, 568 F.2d 194, 196 (3d Cir. 1981).

Here, Defendant requests information regarding how the government used confidential informants to develop evidence in his case and whether the government will call confidential informants to testify at his trial. (Doc 77, at 3). He intends to use this information to discern whether the disclosure of any informant's identity is necessary. (*Id.*). In support of this request, Defendant states that he is "without any information as to what evidence the government intends to admit at trial that was produced by confidential informant or where a confidential informant played a part in its production." (*Id.*).

To clarify, the government states that Defendant was recorded over three separate, unrelated wiretap investigations between 2016 and 2017. (Doc. 129, at 5). This evidence demonstrated that Defendant was a retail heroin dealer, who worked for three different heroin suppliers, Jeffrey Guzman, Jose Ramon de Leon-Pineda, and Gimy "Carvo" Rodriguez. (*Id.*). During the investigations of these suppliers, confidential informants named Defendant as a retail heroin dealer. (*Id.*). If Defendant proceeds to trial, the Government plans to offer evidence of intercepted conversations, laboratory analysis, and witness testimony. (*Id.*). The government explains that it may call some confidential informants to testify, but will not call any informants who provided information to establish probable cause for the wiretap orders and did not provide any information about Defendant. (*Id.*). In addition, the government has provided to Defendant's counsel, former and current, extensive discovery and proffers of the case against Defendant in particular. (*Id.* at 5-6). Defendant has not contested any of the government's representations.

Defendant fails to meet his burden to provide a "specific need" for the disclosure of any informant's identity. Defendant's need for information regarding the government's confidential informants is generalized in nature, as it requests information regarding how the government used confidential informants to investigate him and how it will use confidential informants at trial. Not only did the government attempt to explain its use of confidential informants to investigate Defendant (*see* Doc. 129 at 5-6), courts routinely reject defendant's requests when they offer a more specific need for an informant's identity than

that offered here. *See, e.g.*, *Pickel v. United States*, 746 F.2d 176, 181-82 (3d Cir. 1984)

(explaining that the defendant lacked a sufficiently specific need for an informant's identity

when defendant sought the information to show that certain subpoenas were issued in bad

faith); *United States v. Bazzano*, 712 F.2d 826, 839 (3d Cir. 1983) (finding that the

defendant lacked a sufficiently specific need for an informant's identity when defendant

argued the informant's testimony was needed to challenge the probable cause

determination for a subsequent search). Construing the government's response as an

acknowledgment that it will produce all required materials under the Jencks Act if it does call

any confidential informants to testify at Defendant's trial, the Court will deny Defendant's

motion to compel disclosure of any confidential informants at this time. (Doc. 76).

    2.  <u>Notice Under 404(b)</u>

    Defendant seeks early notification of the 404(b) evidence that the government will

produce about Defendant and the 404(b) evidence that the government will produce about

the defendants referenced in the other two indictments (*see* Docket Nos. 17-76, 17-77),

which relate to Defendant's involvement in various drug trafficking conspiracies. (*See* Docs.

74; 75 at 3). The government does not object to this motion to the extent that it requests

anything that is required under Rule 404(b). (Doc. 129, at 4).

    Federal Rule of Evidence 404(b) requires the government to provide, upon request

by the accused, "reasonable notice of the general nature of any . . . evidence [of crimes,

wrongs, or other acts] that the prosecutor intends to offer at trial." Fed. R. Evid. 404(b)(2).

Such notice generally must be provided before trial. *See id.* However, "no specific time limits are stated" in Rule 404(b) and "the reasonableness of the timing . . . depends on the facts of each case." *United States v. Plaskett*, No. 2007-60, 2008 WL 441930, at *2 (D.V.I. Feb. 12, 2008) (finding notice provided one week before trial satisfied the requirement of Rule 404(b)); *see United States v. Morris*, No. 07-72, 2008 WL 4154846, at *3 (W.D. Pa. Sept. 9, 2008) (concluding that notice of intent to use Rule 404(b) evidence seven to ten days before trial is generally sufficient).

Here, in response to Defendant's request for notification of 404(b) evidence about himself, the government explains that if Defendant testifies at trial, it will introduce evidence on cross examination of Defendant's prior felony conviction, and if Curtis denies that prior conviction, it "reserves the right to call a rebuttal witness to introduce objective evidence of the conviction."[1] (Doc. 129, at 3). To comply with rules 404(b) and 403, "the government intends to introduce only the fact of conviction, and not the crime of conviction." (*Id.*). The government "has no plans to introduce any evidence under Rule 404(b) regarding other 'bad acts' of the defendant." (*Id.* at 4).

In response to Defendant's request for notification of 404(b) evidence about the defendants from the other two indictments, the government explains that it will "provide records of criminal convictions for all witnesses that the government intends to call at trial at

---

[1] The government states that pursuant to Federal Rule of Evidence 609's limit on using evidence of a criminal conviction, Defendant was released from custody less than ten years ago. (Doc. 129, at 3).

a reasonable time before trial." (*Id.*). The government further noted that it "does not know what witnesses the defendant will call," but reserves the right to cross examine any defense witnesses as to prior convictions pursuant to Rule 609." (*Id.*). Defendant has not contested any of the government's representations.

Construing the government's response as an acknowledgment that, if necessary, it will comply with the reasonable pretrial notice requirement of Rule 404(b) regarding records of criminal convictions for all witnesses that it intends to call at trial, the Court will deny Defendant's request for notice of Rule 404(b) evidence. (Doc. 74). *See United States v. Salerno*, No. 3:10-CR-301, 2011 WL 6141017, at *11 (M.D. Pa. Dec. 9, 2011) ("Because the Government has agreed to provide defense counsel with reasonable pretrial notice of 404(b) evidence, there is no need to compel production.").

### 3. Notice Under Rule 807

Defendant requests notice of all hearsay statements that the Government intends to introduce pursuant to Federal Rule of Evidence 807 at least two weeks prior to trial. (*See* Docs. 85; 86). In response, the government states that it is not aware of any Rule 807 statements that it may seek to offer at trial, while acknowledging its obligation to notice Defendant if its intentions change. (Doc. 129, at 17). Defendant has not contested the government's representations. Accordingly, the Court will deny Defendant's request for disclosure of hearsay statements pursuant to Rule 807. (Doc. 85). *See United States v. Manfredi*, No. 07-352, 2008 WL 2622901, at *2 (W.D. Pa. June 27, 2008) (denying the

defendants' motion under Rule 807 for disclosure of hearsay statements because the government's assertion that it "does not intend to offer any evidence under Rule 807" sufficiently addresses the defendants' request).

    4.  <u>Preservation and Production of Notes, Reports, and Evidence</u>

Defendant has requested that the Court order the government to preserve and produce all rough notes, draft reports, or any other physical evidence related to the government's investigations of Defendant leading up to and after his indictment whether or not the government deems them discoverable at this time. (*See* Docs. 78; 79). In response, the government states that it has instructed case agents "that any notes and draft reports . . . are to be preserved and provided to [a designated Assistant United States Attorney] for review," and "[a]ny such material that has been identified has been produced." (Doc. 129, at 10).

Production of rough notes and draft reports is required in so far as they contain material that must be made available under *Brady v. Maryland*, 373 U.S. 83 (1963) or the Jencks Act. *See United States v. Ramos*, 27 F.3d 65, 68 (3d Cir. 1994). "[T]he government must retain and, upon motion, make available to the district court both the rough notes and the drafts of reports of its agents to facilitate the district court's determination whether they should be produced." *United Stares v. Ammar*, 714 F.2d 238, 259 (3d Cir. 1983).

Here, not only has the government taken measures to comply with its obligation to preserve rough notes and draft reports, it has also acknowledged its responsibility to

provide Defendant with all material, including any physical evidence, that is discoverable under *Brady*, *Giglio v. United States*, 405 U.S. 150, 154 (1972), the Jencks Act, and Federal Rule of Criminal Procedure 16. (Doc. 129, at 11). In the future, to the extent that the government identifies any material, including rough notes and/or physical evidence, that contains *Brady, Giglio,* and Jencks Act material, the government has recognized its duty to make it available. (*Id.* at 10-11). Defendant has not contested the government's position. Accordingly, the Court will deny Defendant's request to preserve and produce all rough notes, draft reports, or any other physical evidence. (Doc. 78). *See United States v. Santos*, No. 18-585, 2020 WL 134578, at *9 (D.N.J. Jan. 13, 2020) (denying Defendant's request to preserve and produce rough notes because the because the government represented that it has complied with its obligation to do so).

     5.  <u>Early Jencks Act Disclosures</u>

     Pursuant to Federal Rule of Criminal Procedure 26, the Fifth and Sixth Amendments, and the Jencks Act, Defendant requests the early disclosure of Jencks Act material at least thirty days prior to the commencement of trial to allow adequate preparation for trial due to the anticipated quantity of Jencks Act material and the complexity of the case. (*See* Docs. 83; 84). The government responds that this motion "must be denied." (Doc. 129, at 15).

     The Jencks Act requires production of prior witness statements pertaining to the subject matter of their testimony after the witness has testified on direct examination at trial. 18 U.S.C. § 3500. Rule 26.2(a) similarly provides that after a witness has testified on

direct examination, the defendant may move the court to order the government to produce "any statement of the witness that is in their possession and that relates to the subject matter of the witness's testimony." However, early disclosure of Jencks Act material by district courts "runs contrary to established Third Circuit precedent." *United States v. Hayes*, No. 3:09-CR-397, 2010 WL 2696894, at *19 (M.D. Pa. July 7, 2010); *see, e.g., United States v. Murphy*, 569 F.2d 771, 773 (3d Cir.1978) ("The blunt command of the statute together with the unequivocal legislative history has led to unbroken precedent in the Courts of Appeals denying to district courts the power to compel production of the statements of government witnesses until conclusion of direct examination at the trial." ).

To avoid any unnecessary delays during trial and allow Defendant to prepare to cross examine government witnesses, the government offers to provide Defendant with "Jencks statements and any criminal histories of witnesses at a reasonable time before trial." (Doc. 129, at 16). Defendant has not contested the government's offer. Thus, the Court will deny Defendant's motion for early production of Jencks Act material. (Doc. 83). *See United States v. Hill*, No. 3:17-CR-00276, 2019 WL 2110573, at *8 (M.D. Pa. May 14, 2019) (collecting cases denying the defendant's motion for early production of material under the Jencks Act and acknowledging that the government is not required to produce any Jencks Act material prior to a witness's testimony).

B. __Defendant's Second Motion for a Bill of Particulars__

Pursuant to Federal Rule of Criminal Procedure 7(f), Defendant seeks a bill of particulars to clarify the drug trafficking conspiracy allegations under 21 U.S.C. § 846 in counts two, three, and five because they are impermissibly generalized. (*See* Docs. 80; 82). Defendant continuously repeats that he is unable to prepare an adequate defense due to the "extensive discovery provided," such that Defendant "is left to wade through evidence that may not even pertain to [Defendant] and essentially guess as to what evidence the government intends to use to establish the conspiracies alleged at Counts 2, 3 and 5." (Doc. 80, at 5). In response, the government states that Defendant's motion should be denied because "it is highly unlikely that there will be any prejudicial surprises at trial," given the sufficiency of information provided to him in the superseding indictment and through discovery. (Doc. 129, at 13-14).

Federal Rule of Criminal Procedure 7(f) allows defendants to move for additional information concerning their indictment through a bill of particulars. It is well settled that "[t]he purpose of the bill of particulars is to inform the defendant of the nature of the charges brought against him to adequately prepare his defense, to avoid surprise during the trial and to protect him against a second prosecution for an inadequately described offense." *United States v. Addonizio*, 451 F.2d 49, 63-64 (3d Cir. 1971). A bill of particulars is only necessary when "an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial."

*United States v. Rosa*, 891 F.2d 1063, 1066 (3d Cir. 1989). Under 21 U.S.C. § 846, an

indictment is sufficient when it alleges (1) a conspiracy to distribute drugs, (2) the time frame

during which the conspiracy was operative, and (3) the statute allegedly violated. *See*

*United States v. Sampson*, No. 4:11-CR-155, 2012 WL 214707, at *2 (M.D. Pa. Jan. 24,

2012) (quoting *United States v. Sweeney*, 688 F.2d 1131, 1140 (7th Cir.1982)). In an

indictment under 21 U.S.C. § 846, it is not necessary "to allege any specific act in

furtherance of the conspiracy." *Id.*

District courts have broad discretion over whether to grant or deny a motion for a bill of

particulars. *Addonizio*, 451 F.2d at 64. In doing so, the district court should balance several

countervailing factors, including unfairness to the government and the extent to which the

government has provided discovery. *See United States v. Fuhai Li*, No. 3:16-CR-00194,

2018 WL 1299724, at *5 (M.D. Pa. Mar. 13, 2018). When the record, as a whole,

establishes that ample opportunity exists for adequate preparation of the defense, a motion

for a bill of particulars is properly denied. *See United States v. Kenny*, 462 F.2d 1205, 1212

(3d Cir. 1972).

Here, the allegations in counts two, three, and five of the superseding indictment charge

Defendant with conspiracy to distribute and possess with intent to distribute a controlled

substance, cite the relevant statute, *i.e.*, 21 U.S.C. § 846, and set forth the operative time

frame with dates defining the duration of the alleged offense, *i.e.*, "[f]rom on or about

February 20, 2016, to on or about April 6, 2016" (count two), "[f]rom in or about June 2016

to on or about March 28, 2017" (count three), and "[f]rom in or about February 2016 to on or about January 1, 2017" (count five). (*See* Doc. 48, at 2, 3, 5). Each count also sets forth the general location of the alleged offense, *i.e.* the Middle District of Pennsylvania, the name of one alleged co-conspirator, and the type of controlled substance that was allegedly distributed in connection with the conspiracy. (*See id.*). Count five also includes a "manner and means" section, which provides specific details about the nature of Defendant's alleged conspiratorial involvement. (*Id.* at 5-6).

Defendant seeks a bill of particulars that details "the date, time, location and manner" in which the defendant is alleged to have become a member of the conspiracies charged in counts two, three, and five. (Doc. 80, at 1). To learn more about the "manner," in which Defendant is alleged to have become a member of the conspiracies charged in counts two, three, and five, he sets forth a list of fifteen inquiries with several subparts. Defendant's inquiries can be summarized into the following categories of information: (1) all known overt acts of the conspiracy, (2) the identities of all coconspirators, (3) the amounts of controlled substances involved, and (4) the methods of the alleged conspiracies. (*Id.* at 2-3).

In assessing the sufficiency of the indictment and the discovery already produced, Defendant's motion for a bill of particulars is improper. First, the operative time periods of the alleged conspiracies, stated as date durations, *e.g.*, "[f]rom on or about February 20, 2016, to on or about April 6, 2016," and the geographical areas of the alleged conspiracies, stated as the "Middle District of Pennsylvania," adequately inform Defendant of the date,

time, and location of the conspiracies charged in order to assist him in preparation for trial. *See, e.g., United States v. Johnstone*, 856 F.2d 539, 540, 541–542 (3d Cir.1988) (an indictment made under 21 U.S.C. § 846, containing the language "[f]rom in or about January of 1985, and continuing thereafter to on or about December of 1986, in the Eastern District of Pennsylvania" was sufficient to inform the defendant of the "time frame and geographical area of the conspiracy."); *see also United States v. Jones*, 447 F. App'x 319, 323 (3d Cir. 2011) (stating that denial of the defendant's motion for a bill of particulars "specifying the locations and times of the drug sales" was proper); *United States v. Cheatham*, 500 F. Supp. 2d 528, 533 (W.D. Pa. 2007) ("A defendant charged with conspiracy cannot use a bill of particulars to obtain the "exact date" he entered into the conspiracy.").

Second, Defendant is not entitled to a bill of particulars detailing all known overt acts of the alleged conspiracy, (2) the identities of all coconspirators, (3) the amounts of controlled substances involved, and (4) the methods of the alleged conspiracies. *See U.S. v. Smith*, 776 F.2d 1104, 1111 (3d Cir.1985) (recognizing that a bill of particulars "is intended to give the defendant only that minimum amount of information necessary to permit the defendant to conduct his *own* investigation" and "is not intended to provide the defendant with the fruits of the government's investigation" (emphasis in original)); *Addonizio*, 451 F.2d at 64 (acknowledging that the government is not required at the pre-trial stage to "weave the information at its command into the warp of a fully integrated trial theory for the benefit of the defendants"); *United States v. Johnson*, 218 F. Supp. 3d 454, 462 (W.D. Pa. 2016)

(internal quotation and alteration omitted) ("Where the indictment provides sufficient information to place the defendant on notice of the charged criminal conduct, requests seeking the when, where and how of any overt acts are tantamount to a request for wholesale discovery of the government's evidence, and therefore properly are denied."); *see also Sampson*, 2012 WL 214707, at *2 (collecting cases where courts have been "highly reluctant to require a bill of particulars when defendants have asked for specific identities of coconspirators or others allegedly involved" when "an indictment and discovery sufficiently enables defendants to avoid surprise and prepare for trial").

Finally, not only has the government provided extensive discovery,[2] but it has also attempted to elucidate what evidence it will use at trial to establish Defendant's alleged involvement in multiple conspiracies by explaining that each drug trafficking conspiracy charge is predicated on "intercepted conversations and text messages directly involving [Defendant]." (Doc. 129, at 13-14). Accordingly, the Court will deny Defendant's motion for a bill of particulars. (Doc. 80).

---

[2] The government maintains, that it has given Defendant access to, among other things, the affidavits that set forth the government's evidence in support of each Title III wiretap investigation underlying the conspiracy charges, all intercepted communications, and discs that contain only Defendant's intercepted communications "to facilitate location of the most relevant communications." (Doc. 129, at 14). The government has also provided Defendant's counsel, former and current, a proffer of its case. (*Id*. at 13).

## III. CONLCUSION

For the above stated reasons, the Court will deny Defendant's pretrial motions (Docs.

74; 76; 78; 80; 83; 85). An appropriate order follows.

Robert D. Mariani
United States District Judge